Stella Havkin (SBN 134334)
David Jacob (SBN 256374)
Havkin & Shrago Attorneys At Law
21650 Oxnard Street, Suite 1540
Woodland Hills, California 91367
Telephone: (818) 999-1568
Facsimile: (818) 293-2414
Email: stella@havkinandshrago.com

Attorneys for Chapter 11 Debtor and Debtor in Possession Nadia Massoudi, Inc

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>NADIA MASOUDI<br>Debtor. | Case No: 1:25-bk-11845-VK<br><br>Chapter 11<br>Subchapter V<br><br>Adv. No: 1:26-ap-_______-VK |
| NADIA MASOUDI,<br><br>Plaintiff,<br><br>v.<br><br>GLOVIS AMERICA, INC, a California corporation;<br><br>Defendant. | **COMPLAINT FOR**<br>**(1) BREACH OF CONTRACT;**<br>**(2) NEGLIGENCE;**<br>**(3) INTENTIONAL INTERFERENCE WITH CONTRACTURAL RELATIONS;**<br>**(4) CONVERSION;**<br>**(5) UNFAIR BUSINESS PRACTICES;**<br>**(6) ACCOUNTING;**<br>**(7) DECLARATORY RELIEF; AND**<br>**(8) CLAIM DISALLOWANCE** |

Plaintiff Nadia Masoudi ("Plaintiff" or "Debtor") complains as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), in that this is a civil proceeding related to a case under title 11 of the United States Code ("Bankruptcy Code") by way of Debtor filing a voluntary chapter 11 bankruptcy case entitled *In re Nadia Masoudi.,* bearing case number 1:25-bk-11845-VK, the Central District of California, Los Angeles Division, on September 26, 2025 ("Petition Date").

2. The claims are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (C).

3. The debtor consents to the entry of final orders or judgment by the bankruptcy judge.

4. This adversary proceeding is brought pursuant to Fed R. Bankr. P. 7001, et seq of the Federal Rules of Bankruptcy Procedure.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under or arises in and relates to a case under the Bankruptcy Code that is pending in this District.

**PARTIES**

6. The Debtor is an individual who operates a gas station under the name of Hassake Enterprises, a California corporation with its principal place of business located at 13666 Victory Blvd, Van Nuys, California 91401, doing business in the State of California, County of Los Angeles.

7. Glovis America, Inc. is a California corporation ("Defendant" or "Glovis") (Defendant and Debtor/Plaintiff are referred together herein as the "Parties") with its principal place of business located at 17305 Von Karman Avenue, Suite 200, Irvine, California 92614, doing business in the State of California. Glovis is a subsidiary of Hyundae Motor Group.

**GENERAL ALLEGATIONS**

8. The Debtor operates several businesses including a gasoline service station business located at 13666 Victory Blvd, Van Nuys, CA 91401 (hereinafter, the "Station").

9. On or about June 1, 2019, the Debtor entered into, among other agreements, Retailer Product Sales Agreement ("Agreement") with the Defendant. As part of the Agreement, the Defendant was to supply fuel products to the Station and also act as the credit card processor so that

the credit card sales from the Station would pay for fuel invoices directly, and net profits after fuel costs were paid, would be transferred to Hassake's account. This is the standard practice in the industry for fuel retailers.

10. The terms of the Agreement included an attorney's fees provision wherein if any party had to enforce the terms, the prevailing party shall recover reasonable attorney's fees.

11. Prior to entering into the Agreement, Defendant assured Debtor of its competence and capability in efficiently managing the distribution of fuel to the Station, which encompassed proficiently handling credit card sales, accounting tasks, and timely payment delivery.

12. Following the commencement of the Agreement, the Debtor began processing credit card sales and paying fueling invoices in accordance with the Agreement. As per the Agreement, it was unequivocally the responsibility of Defendant to handle all credit card payments, ensure timely payment of fuel invoices using the proceeds from credit card transactions, and furnish comprehensive accountings, reconciliations, and summary reports regarding credit card payments received and processed. Moreover, Defendant was obligated to provide transparent accountings of billings and net profits, and faithfully deposit the net profits derived from credit card transactions involving both fuel and convenience store sales into Debtor's designated bank accounts.

13. At all times relevant to this litigation, Defendant had a duty to accurately generate invoices for any fuel products it delivered to the Debtor and, furthermore, had a duty to promptly return any surplus funds to the Debtor's designated bank account.

14. Defendant purportedly realized at some undisclosed point that it had neglected to bill Debtor correctly for specific fuel deliveries over a significant period of time. Debtor had no way of knowing that Defendant had failed to properly account for fuel invoices and credit card payments because it was Defendant's responsibility to maintain accurate records.

15. As a result of its own errors and negligence, Debtor alleges on information and belief that Defendant made the conscious decision to withhold Debtor's credit sales as a misguided attempt to offset the consequences of its own failures to invoice the Debtor properly. Defendant undertook these acts despite knowing that the credit sales it withheld from Debtor included all money collected from the Debtor's convenience store operations which operates at the Station, which Defendant knew

it had no right to withhold. Instead of taking responsibility for its mistakes and rectifying the situation through proper channels, Defendant resorted to unjust and self-serving conduct, depriving Debtor of the credit card sales rightfully owed to it.

16. Defendant's deliberate decision to withhold Debtor's credit sales had severe consequences that crippled the cash flow of Debtor's business. Deprived of the expected revenue from credit card sales, which represented the majority of Debtor's sales, Debtor faced significant financial strain and was unable to meet operational expenses and purchase necessary inventory. Defendant's conduct disrupted cash flow caused undue hardship, hindering Debtor's ability to sustain its business and jeopardized the business's overall viability in the market.

17. Thereafter, Glovis proceed to file a lawsuit against the Debtor and Hassake in the Los Angeles Superior Court seeking not only the fees for the fuel but as well interest on the fees and default interest that it claimed it was owed despite the situation that was created by Glovis. Glovis proceeded to litigate in such an aggressive fashion and seeking interest which is more than double than what it claims it was owed for fees for fuel. Glovis engaged in such conduct with other customers demonstrating a course of intentional conduct designed to have Glovis to collect double to triple what it was actually owed.

18. As a result of the damages caused by the Defendant, the Debtor was forced to file for relief on the Petition Date under the Bankruptcy Code ("Bankruptcy Case").

19. On November 17, 2025, the Defendant filed a proof of claim in the Bankruptcy Case ("Claim") attached hereto as **Exhibit "1"** asserting the same unconscionable interest and fees.

20. The Defendant claims that the Plaintiff owes $3,160,092.36.

**FIRST CLAIM**

**Breach of Contract**

21. Plaintiff realleges the allegations contained in paragraphs 1 to 20 of this Complaint as if set forth fully herein.

22. On or about June 1, 2019, the Parties entered the Agreement.

23. Plaintiff has performed all conditions, covenants, and promises required to be performed on his part in accordance with the terms and conditions of the Agreement except those

Plaintiff have been prevented or excused from performing by the acts of the Defendant.

24. Pursuant to the terms of the Agreement, Defendant had the obligation to accurately generate invoices for any fuel products it delivered to the Plaintiff in a timely fashion as required by the Agreement as well as by industry standards. Furthermore, Defendant was required to promptly return any surplus funds to the Plaintiff's designated bank account.

25. Defendant breached the Agreement by failing to properly account for all fuel deliveries and timely invoice Plaintiff accurately.

26. Defendant also breached the Agreement by improperly, and without permission from Plaintiff, by withholding Plaintiff's credit card sales after Defendant learned that it had purportedly failed to properly account for all fuel deliveries and timely invoice Plaintiff accurately.

27. In addition, Defendant breached the Agreement by failing to deposit the net profits derived from credit card transactions involving both fuel and convenience store sales into Plaintiff's designated bank account.

28. As a direct and proximate result of the foregoing breaches of the Agreement, Plaintiff faced significant financial strain and was unable to meet the operational expenses and purchase necessary inventory for the Station, causing damage to the Plaintiff's business and reputation in the marketplace.

29. Defendant has suffered damages in an amount to be determined at trial.

**SECOND CLAIM**

**Negligence**

30. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 29 of this Complaint as if set forth fully herein.

31. Defendant owed Plaintiff a duty of care as part of their contractual relationship, to exercise reasonable care in its actions with respect to the fulfillment of its obligations under the Agreement.

32. Defendant was required to properly account for all fuel deliveries and timely invoice Plaintiff accurately, ensure all transactions were properly accounted for, and deposit the net profits derived from credit card transactions involving both fuel and convenience store sales into Plaintiff's

designated bank account. By neglecting these responsibilities, the Defendant deviated from the expected standard of care.

33. It was reasonably foreseeable that Defendant's negligent conduct could cause harm to Plaintiff's failure to bill accurately and reasonably relied on Defendant to keep accurate records.

34. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff faced significant financial strain and were unable to meet the operational expenses and purchase necessary inventory for the Station, causing damage to Plaintiff's business and reputation in the marketplace.

35. Plaintiff has suffered damages in an amount to be determined at trial, but in an amount to be determined at trial.

**THIRD CLAIM**

**Intentional Interference with Contractual Relations**

36. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 35 of this Complaint as if set forth fully herein.

37. Defendant's decision to withhold Plaintiff's credit card sales until Plaintiff repaid the amounts Defendant's alleges that Plaintiff owes significantly disrupted Plaintiff's operational cash flow. In addition, Defendant began to demand unreasonable interest on the fees owed for the fuel despite the fact that the failure to invoice was entirely the fault of Defendant.

38. Defendant was aware of the contractual relationships between the Plaintiff and other parties and stakeholders. By intentionally withholding Plaintiff's credit card revenues, Defendant directly affected Plaintiff's ability to fulfill their obligations under those contracts.

39. By engaging in the conduct alleged herein, Defendant intended to disrupt Plaintiff's business operations and create pressure for the repayment of the amounts allegedly owed to the Defendant. Further, due to the fact that Defendant engaged in such conduct with numerous other customers is indicative of the fact that Defendant all along engaged in intentional conduct designed to collect not only contractual fees from its customers including the Plaintiff but unconscionable interest on the contractual fees as well.

40. Defendant's conduct as alleged above, caused significant disruption in Plaintiff's

ability to fulfill their contractual obligations and resulted in financial losses and harm to Plaintiff's business in an amount to be proven at trial.

**FOURTH CLAIM**

**Conversion**

41. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 40 of this Complaint as if set forth fully herein.

42. Pursuant to the terms of the Agreement, Defendant was required to deposit the net profits derived from credit card transactions involving both fuel and convenience store sales into Plaintiff's designated bank account.

43. Defendant wrongfully diverted and retained and continues to retain possession of Plaintiff's profits from both fuel and convenience store sales.

44. Plaintiff is informed and believes, and on that basis alleges, that Defendant has intentionally detained and converted said funds for its own use, thereby infringing upon Plaintiff's ownership and possessory interests in the same.

45. Plaintiff have not voluntarily allowed Defendant to keep and maintain possession of Plaintiff's money derived from Plaintiff's credit card transactions.

46. As a direct and proximate result of said conversion, Plaintiff' has suffered damages to be proven at trial.

47. The conduct of Defendant was despicable, fraudulent, malicious, oppressive and in reckless/conscious disregard for the rights of Plaintiff and entitles Plaintiff to punitive and exemplary damages in an amount sufficient to punish the Plaintiff and to deter similar wrongdoing by others.

**FIFTH CLAIM**

**Unfair Business Practices**

48. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 47 of this Complaint as if set forth fully herein.

49. California Business and Professions Code Section 17200, *et seq*, prohibits the commission of any unlawful, unfair or fraudulent business act or practice.

50. Plaintiff is informed and believes and, on that basis, alleges, that Defendant's conduct

alleged herein was unlawful, unfair, and /or fraudulent and that by engaging in said conduct, Defendant violated Bus. Prof Code. Section 17200, *et seq*.

51. Accordingly, Plaintiff is entitled to all appropriate remedies under Section 17200, et seq, including restitution, disgorgement of improperly detained and/or converted money, and any other amounts by which Defendant has been unjustly enriched as a result of its wrongful conduct; and an injunction prohibiting Defendant from engaging in these unfair business practices in the future.

52. As a direct and proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff have been, and will continue to be, damaged in an amount that is present unascertainable. Unless and until such wrongful conduct is enjoined and/or restrained by order of this Court, Defendant will continue to commit the acts alleged herein in violation of Plaintiff's rights, and Plaintiff will continue to suffer injury.

53. Plaintiff, therefore, request that this Court issue a preliminary injunction and permanent injunction enjoining Defendant and its agents, employees, representatives, affiliates and all entities and persons acting under, on behalf of, in concert with, or for Defendant, from engaging in any unlawful, unfair or fraudulent business act or practice, including the conduct alleged herein this Complaint.

**SIXTH CLAIM**

**Accounting**

54. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 53 of this Complaint as if set forth fully herein.

55. Under the Agreement Defendant has an obligation to accurately account for all fuel products it sold to Plaintiff. The obligation arises out of Defendant's authority to bill Plaintiff and return any excess profit from credit card sales to Plaintiff's designated bank account.

56. The Plaintiff has a right to receive an accurate and sufficiently detailed accounting of all transactions between the Parties.

57. An accounting will allow Plaintiff to verify the accuracy of Defendant's billing and record keeping, identify any discrepancies, errors, or omissions that may affect Plaintiff's rights and obligations, assist in identifying instances of under and overbilling, and providing insight into the

magnitude of Defendant's errors and determine the impact on Plaintiff's business operations. The foregoing can only be ascertained by a thorough accounting.

58. Defendant has failed and refused and continues to fail and refused and continues to fail and refuse to render any proper accounting to Plaintiff

59. Due to Defendant's failure to make any accounting as alleged above, Plaintiff's funds are in danger of being lost or misappropriated by Plaintiff.

**SEVENTH CLAIM**

**Declaratory Relief under 28 U.S.C. § 2201**

60. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 59 of this Complaint as if set forth fully herein.

61. The Defendant filed a Claim and based on the above-described conduct, Plaintiff asserts the Defendant is not owed the money claimed in the Claim.

62. Further, if Defendant is owed any money, Plaintiff asserts that it is entitled to a set off as a result of the damages that Plaintiff sustained due to the Defendant's conduct.

63. Based on the foregoing there is an actual controversy between the Defendant and Plaintiff whether the Defendant is entitled to the Claim and the interest asserted charged in the Claim.

64. The Plaintiff is entitled to a declaratory judgment establishing that the Defendant is not entitled to the Claim.

**EIGHTH CLAIM**

**Objection to Claim – 11 U.S.C. § 502(b)**

65. Plaintiff realleges the allegations contained in the preceding paragraphs 1 to 64 of this Complaint as if set forth fully herein.

66. To the extent Plaintiff succeeds on any or all of the First through Eighth Claims for Relief in this Complaint, the Claim must be disallowed, offset, and/or reclassified, as appropriate, pursuant to 11 U.S.C. § 502(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. On First Claim for Relief: Compensatory damages in an amount according to proof,

attorneys' fees, costs of suit incurred herein and for such other further relief as the Court may deem just and proper.

B. On Second Claim for Relief: Compensatory damages in an amount according to proof, attorneys' fees, costs of suit incurred herein and for such other further relief as the Court may deem just and proper.

C. On Third Claim for Relief: Compensatory, consequential and punitive damages in an amount according to proof, attorneys' fees, costs of suit incurred herein and for such other further relief as the Court may deem just and proper.

D. On Fourth Claim for Relief: Compensatory and punitive damages in an amount according to proof, attorneys' fees, costs of suit incurred herein and for such other further relief as the Court may deem just and proper.

E. On Fifth Claim for Relief: For all available relief under Cal Bus and Prof Code § 17200 et seq; and for issuance of a preliminary and permanent injunction enjoining Defendant and its agent, employees, representatives, and affiliates, and all entities and persons acting under, on behalf of, in concert with, or for Defendant, from engaging in any unlawful, unfair or fraudulent business act or practice as alleged herein or facilitating such conduct.

F. On Sixth Claims for Relief: For an accounting of all transactions between the Parties and Defendant's bank accounts, records, bookkeeping, and accounting records and an order requiring the Defendant to return the money to the Plaintiff.

G. On Seventh Claim for Relief: A declaratory judgment against Defendant establishing that the Defendant is not owed the interest charged in the Claim and that the Plaintiff does not owe the Defendant any money.

H. On Eighth Claim for Relief: To the extent Plaintiff succeeds on the First through Seventh Claims for Relief in this Complaint, a judgment against Defendant sustaining Plaintiff 's objection to

I. On All Claims for Relief: A judgment against Defendant including but not limited to, any monetary damages, attorneys' fees and costs to Plaintiff according to proof to the maximum extent provided by applicable law, and for such other relief as is warranted under the circumstances.

Date: June 1, 2026 Havkin & Shrago

By /s/Stella Havkin
Stella Havkin
Attorneys for Debtor and Plaintiff
Nadia Masoudi

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Nadia Masoudi |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | **Central District of California** |
| Case number: | **25−11845** |

FILED
**U.S. Bankruptcy Court**
**Central District of California**
12/1/2025
**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim
**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Glovis America, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Glovis America, Inc.
Name

Coleman & Horowitt, LLP
Attn: D Horowitt
499 W Shaw Avenue
Fresno, CA 93704

Contact phone (559) 248−4820
Contact email RBastone@glovisusa.com

Uniform claim identifier (if you use one): ____

**Where should payments to the creditor be sent?** (if different)

____
Name

Contact phone ____
Contact email ____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ____ Filed on ____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ______ |
| 7. **How much is the claim?** | $ 3468837.44<br>**Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br>Goods sold and delivered (fuel). |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: ______<br>**Basis for perfection:** ______<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $ ______<br>**Amount of the claim that is secured:** $ ______<br>**Amount of the claim that is unsecured:** $ ______ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $ ______<br>**Annual Interest Rate** (when case was filed) ______ %<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ______ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ______ |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 12/1/2025
MM / DD / YYYY

/s/ Jennifer Hughes
Signature

Print the name of the person who is completing and signing this claim:

Name: Jennifer Hughes
First name Middle name Last name

Title: Attorney

Company: Coleman & Horowitt, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 1901 Avenue of the Stars, Suite 200
Number Street
Los Angeles, CA 90067−6015
City State ZIP Code

Contact phone (559) 248−4820 Email jhughes@ch−law.com

## Outstanding AR Summary for HASSAKE ENTERPRISES / NADIA MASOUDI

*as of Date: 11/12/25*

| Sales Order & BOL | Invoice No | Delivery Date on BOL | AR Term | Amounts | Interest Charge | Total Due |
|---|---|---|---|---|---|---|
| 870526 / 870526 | 20079 | 1/23/22 | 5 | $ 32,077.14 | 22,197.38 | 54,274.52 |
| 870061 | 20080 | 1/21/22 | 5 | $ 4,277.49 | 2,964.30 | 7,241.79 |
| 977559 / 977559 | 20081 | 1/26/22 | 5 | $ 31,964.46 | 22,071.46 | 54,035.92 |
| 871114 / 871114 / 871114 | 20082 | 1/26/22 | 5 | $ 32,741.47 | 22,607.99 | 55,349.46 |
| 872475 / 872475 / 872475 | 20087 | 1/31/22 | 5 | $ 32,700.44 | 22,497.90 | 55,198.34 |
| 873056 / 873056 | 20168 | 2/2/22 | 5 | $ 34,544.86 | 23,732.32 | 58,277.18 |
| 873556 / 873556 | 20169 | 2/4/22 | 5 | $ 34,506.89 | 23,671.73 | 58,178.62 |
| 874132 / 874132 | 20170 | 2/6/22 | 5 | $ 35,095.47 | 24,040.40 | 59,135.87 |
| 874777 / 874777 | 20171 | 2/9/22 | 5 | $ 33,424.38 | 22,845.56 | 56,269.94 |
| 874984 / 874984 / 874987 | 20172 | 2/9/22 | 5 | $ 33,261.85 | 22,734.47 | 55,996.32 |
| 875666 / 875666 | 20216 | 2/11/22 | 5 | $ 33,651.38 | 22,967.07 | 56,618.45 |
| 877865 / 877865 | 20401 | 02/18/2022 | 5 | $ 34,465.19 | 23,401.86 | 57,867.05 |
| 876917 / 876917 / 876917 | 20402 | 02/16/2022 | 5 | $ 34,190.07 | 23,249.25 | 57,439.32 |
| 877449 / 877449 / 877449 | 20403 | 2/17/22 | 5 | $ 35,162.71 | 23,893.06 | 59,055.77 |
| 876288 / 876288 | 20404 | 2/14/22 | 5 | $ 34,699.36 | 23,630.26 | 58,329.62 |
| 878465 / 878465 / 878465 | 20405 | 2/20/22 | 5 | $ 34,556.81 | 23,429.52 | 57,986.33 |
| 879749 / 879749 | 20532 | 2/24/22 | 5 | $ 36,308.12 | 24,544.29 | 60,852.41 |
| 880361 / 880361 / 880361 | 20533 | 2/26/22 | 5 | $ 37,987.76 | 25,641.74 | 63,629.50 |
| 880902 / 880902 | 20534 | 2/28/22 | 5 | $ 36,181.09 | 24,386.05 | 60,567.14 |
| 881344 / 881344 / 881344 | 20605 | 3/1/22 | 5 | $ 36,655.93 | 24,687.77 | 61,343.70 |
| 883446 / 883446 / 883446 | 20739 | 3/8/22 | 5 | $ 43,428.91 | 29,097.37 | 72,526.28 |
| 882069 / 882069 / 882069 | 20740 | 3/4/22 | 5 | $ 41,288.00 | 27,745.54 | 69,033.54 |
| 882827 / 882827 | 20741 | 3/6/22 | 5 | $ 42,055.97 | 28,219.56 | 70,275.53 |
| 884258 / 884258 / 884258 | 20742 | 3/11/22 | 5 | $ 41,062.56 | 27,450.32 | 68,512.88 |
| 884824 / 884824 | 20743 | 3/12/22 | 5 | $ 43,139.22 | 28,817.00 | 71,956.22 |
| 885900 / 885900 | 20746 | 3/16/22 | 5 | $ 43,565.00 | 29,014.29 | 72,579.29 |
| 886315 / 886315 / 886315 | 20858 | 3/17/22 | 5 | $ 12,816.86 | 8,529.62 | 21,346.48 |
| 897228 / 897228 | 22581 | 7/6/22 | 5 | $ 1,952.86 | 1,191.24 | 3,144.10 |
| 2017983 / 2017983 | 22582 | 7/8/22 | 5 | $ 39,741.93 | 24,202.84 | 63,944.77 |
| 2018630 / 2018630 | 22641 | 7/11/22 | 5 | $ 39,388.00 | 23,928.21 | 63,316.21 |
| 918371 / 918371 / 918371 | 22657 | 6/26/22 | 5 | $ 45,309.91 | 27,865.59 | 73,175.50 |
| 998533 / 998533 | 22670 | 7/3/22 | 5 | $ 39,132.75 | 23,929.68 | 63,062.43 |
| 2021487 / 2021487 | 22679 | 7/21/22 | 5 | $ 38,829.22 | 23,394.61 | 62,223.83 |
| 2022166 / 2022166 / 2022166 | 22681 | 7/24/22 | 5 | $ 39,165.75 | 23,538.62 | 62,704.37 |
| 908473 / 908473 / 908473 | 22702 | 5/25/22 | 5 | $ 44,837.46 | 28,292.44 | 73,129.90 |
| 912262 / 912262 / 912262 | 22703 | 6/7/22 | 5 | $ 48,511.01 | 30,295.13 | 78,806.14 |
| 917758 / 917758 / 917758 | 22704 | 6/24/22 | 5 | $ 44,167.68 | 27,207.29 | 71,374.97 |
| 918948/918911 / 918948 | 22705 | 6/28/22 | 5 | $ 45,529.69 | 27,955.23 | 73,484.92 |
| 904705 / 904705 | 22707 | 5/13/22 | 5 | $ 45,715.00 | 29,120.46 | 74,835.46 |
| 1897499 / 1897499 | 22708 | 7/18/22 | 5 | $ 33,189.04 | 20,046.18 | 53,235.22 |
| 904018 / 904018 | 22709 | 5/11/22 | 5 | $ 42,424.34 | 27,066.73 | 69,491.07 |
| 909143 | 22710 | 5/27/22 | 5 | $ 9,563.96 | 6,025.29 | 15,589.25 |
| 909184 / 909184 | 22711 | 05/27/2022 | 5 | $ 34,969.07 | 22,030.51 | 56,999.58 |
| 909986 / 909986 | 22712 | 05/30/2022 | 5 | $ 46,426.83 | 29,179.26 | 75,606.09 |
| 891950 / 891950 / 891950 | 22730 | 4/3/22 | 5 | $ 39,883.78 | 26,203.64 | 66,087.42 |
| 892628 / 892628 | 22731 | 4/6/22 | 5 | $ 38,092.33 | 24,969.52 | 63,061.85 |
| 895788 / 895788 / 895788 | 22732 | 4/16/22 | 5 | $ 41,383.55 | 26,920.00 | 68,303.55 |
| 910953 / 910953 | 22733 | 6/2/22 | 5 | $ 58,593.02 | 36,737.82 | 95,330.84 |
| 902454 / 902498 | 22734 | 5/6/22 | 5 | $ 13,475.92 | 8,631.33 | 22,107.25 |
| 2023652 / 2023652 / 2023652 | 22753 | 7/29/22 | 5 | $ 35,915.09 | 21,495.18 | 57,410.27 |
| 2033700 / 2033700 / 2033700 | 23902 | 9/2/22 | 5 | $ 34,635.76 | 20,123.38 | 54,759.14 |
| 901096 / 901096 | 24135 | 5/2/22 | 5 | $ 36,645.86 | 23,544.97 | 60,190.83 |
| 915330 / 915330 | 24136 | 6/17/22 | 5 | $ 45,871.65 | 28,417.49 | 74,289.14 |
| 821165 | 24137 | 8/3/21 | 5 | $ 12,067.86 | 9,394.83 | 21,462.69 |
| 2061024 / 2061024 / 2061024 | 24700 | 12/21/22 | 5 | $ 31,265.30 | 16,445.55 | 47,710.85 |
| 912851 / 912851 | 24802 | 6/8/22 | 5 | $ 47,371.70 | 29,559.94 | 76,931.64 |
| 2070372 / 2070372 / 2070372 | 24862 | 1/30/23 | 5 | $ 33,351.03 | 16,875.62 | 50,226.65 |
| 2104765 / 2104765 / 2104765 | 25479 | 6/18/23 | 5 | $ 35,590.97 | 15,535.46 | 51,126.43 |
| 2106640 / 2106640 / 2106640 | 25501 | 6/26/23 | 5 | $ 32,716.38 | 14,149.83 | 46,866.21 |
| 2107544 / 2107544 / 2107544 | 25515 | 6/29/23 | 5 | $ 36,582.68 | 15,767.14 | 52,349.82 |
| 2108220 / 2108220 / 2108220 | 25521 | 7/2/23 | 5 | $ 36,113.85 | 15,510.90 | 51,624.75 |
| 2109181 / 2109181 / 2109185 | 25539 | 07/07/2023 | 5 | $ 34,673.06 | 14,805.40 | 49,478.46 |
| | Non-Fuel Fees: 9813038 | 6/30/23 | 5 | $ 277.00 | 119.25 | 396.25 |
| | CC64409 | 6/20/23 | 5 | $ (9,600.14) | | (9,600.14) |

| | | | | | | |
|---|---|---|---|---|---|---|
| CC64415 | 6/26/23 | 5 | $ | (6,587.41) | | (6,587.41) |
| CC64416 | 6/27/23 | 5 | $ | (8,369.33) | | (8,369.33) |
| CC64417 | 6/28/23 | 5 | $ | (8,998.83) | | (8,998.83) |
| CC64418 | 6/29/23 | 5 | $ | (9,410.66) | | (9,410.66) |
| CC64419 | 6/30/23 | 5 | $ | (10,096.60) | | (10,096.60) |
| CC64420 | 7/1/23 | 5 | $ | (8,665.86) | | (8,665.86) |
| CC64421 | 7/2/23 | 5 | $ | (8,574.10) | | (8,574.10) |
| CC64422 | 7/3/23 | 5 | $ | (5,824.20) | | (5,824.20) |
| CC64423 | 7/4/23 | 5 | $ | (7,003.63) | | (7,003.63) |
| CC64424 | 7/5/23 | 5 | $ | (5,787.56) | | (5,787.56) |
| CC64425 | 7/6/23 | 5 | $ | (7,705.17) | | (7,705.17) |
| CC64426 | 7/7/23 | 5 | $ | (8,846.94) | | (8,846.94) |
| CC64427 | 7/8/23 | 5 | $ | (7,785.62) | | (7,785.62) |
| CC64428 | 7/9/23 | 5 | $ | (9,439.95) | | (9,439.95) |
| CC64429 | 7/10/23 | 5 | $ | (6,181.85) | | (6,181.85) |
| | | | | | | - |
| | | | | **2,080,292.83** | **1,388,544.61** | **3,468,837.44** |

| | |
|---|---|
| Outstanding AR | 2,080,292.83 |
| Interest Charge 18% | 1,388,544.61 |
| $50 Service charge for ACH Returns | |
| ***Total amount due as of August 20, 2025*** | ***3,468,837.44*** |

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| | |
|---|---|
| **PLAINTIFFS**<br>Nadia Masoudi | **DEFENDANTS**<br>Glovis America, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Havkin and Shrago Attorney at Law 21650 Oxnard St. #1540, Woodland Hills, CA 91367; 818 999-1568 | **ATTORNEYS** (If Known)<br>Rachel M. Sposato |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Breach of Contract, Conversion, Objection to Claim among others.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,000,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Nadia Masoudi | BANKRUPTCY CASE NO.<br>1:25-bk-11845-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Division | NAME OF JUDGE<br>Victoria S. Kaufman |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Stella Havkin | |
| DATE<br>6/1/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stella Havkin |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.